# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## OCTOBER TERM, 1916.

---

7367. DOREMUS & COMPANY *et al. v.* COLLIER MANU-
FACTURING COMPANY.

The evidence does not require a holding that the action was based on deal-
ings in cotton futures; the recovery by the plaintiff was authorized
by the evidence, and the court did not err in overruling the defend-
ants' motion for a new trial.

DECIDED OCTOBER 4, 1916.

Complaint; from municipal court of Atlanta. March 8, 1916.

*J. E. Johnson, A. C. Riley Jr.,* for plaintiffs in error.

*Victor Victor, James L. Key,* contra.

BROYLES, J. The Collier Manufacturing Company sued Dore-
mus & Company and H. K. Stanford in the municipal court of
Atlanta, for money had and received; the only defense pleaded
was a general denial of indebtedness. The presiding judge, sit-
ting without the intervention of a jury, found for the plaintiff.
On appeal the appellate divison of the court sustained the judg-
ment, and the defendants excepted. The only assignment of er-
ror insisted upon by the plaintiff in error is the second, which is
as follows: "The court erred, as a matter of law, in not dismissing
the action because the plaintiff's own evidence, as contended by
defendants, disclosed that the contracts, which were the basis of
the plaintiff's claim against the defendants, were cotton-future
contracts, concerning which the [president of the] plaintiff testi-

fied that he had no intention, at the time he entered into them, to make [take?] an actual delivery."

It does not appear from the record that the defendants interposed a plea that the transaction upon which the suit was based was illegal, or that any motion was made to dismiss the suit for that reason; and the evidence submitted was insufficient to show that the plaintiff company had engaged in an illegal transaction, the undisputed proof being that the Collier Manufacturing Company was a textile milling concern, consuming large quantities of cotton in its business, and that it was in a position to take delivery of the same. The fact that the plaintiff company paid only a part of the purchase-money for the cotton, and later made a resale of the cotton before delivery was actually made to it, does not show that the transaction was not bona fide. The spirit of the law is not against the legitimate purchase and sale of cotton by those whose business is such that they must deal in the actual commodity. The law is aimed at gambling, and no such offense appears here. Stanford, one of the defendants, and a member of the other defendant company, himself testified that the dealings with the plaintiff were not "gambling transactions," but were "straight and legitimate." The appellate division of the municipal court of Atlanta did not err in overruling the motion for a new trial.                    *Judgment affirmed.*